Case 2:97-cv-00374   Document 115   Filed in TXSD on 07/06/98   Page 1 of 9

United States District Court
Southern District of Texas
ENTERED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JUL 0 7 1998

Michael N. Milby
Clerk of Court

| | |
|---|---|
| AMERICAN DENTAL § | |
| TECHNOLOGIES, INC. § | |
|     Plaintiff, § | #115 |
| § | |
| vs. § | CIVIL ACTION NO. C-97-374 |
| § | |
| KREATIV, INC. § | |
|     Defendant. § | |

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OF PATENT 5,350,058

On this day came on to be considered Defendant Kreativ,
Inc.'s ("Kreativ") Motion for Summary Judgment of Noninfringement
of U.S. Patent 5,350,058 against Plaintiff American Dental
Technologies, Inc. ("ADT").  For the reasons stated herein, the
Court DENIES the Motion.

### I.  JURISDICTION

This action was filed in federal court based on assertions
of patent violations and unfair competition which arise under the
laws of the United States and over which this district court has
original jurisdiction pursuant to 28 U.S.C. § 1338.

### II.  FACTS AND PROCEEDINGS

Both ADT and Kreativ manufacture and sell dental devices,
and more specifically both manufacture and sell air abrasive
systems which are used in the practice of dentistry for cutting,
excavating, abrading, and etching teeth or associated tooth
structures by means of finely divided abrasive materials carried
in a gas or fluid stream.

On July 7, 1997, ADT filed the present action alleging that
Kreativ infringed and induced others to infringe ADT's patented

CRIPDF - www.fastio.com

devices. Specifically, ADT alleges that it is the owner of the
entire right and title to (1) United States Letter Patent No.
5,275,561 entitled "Method for Preparing Tooth Structure for
Bonding" (" the '561 patent"); (2) United States Letter Patent
No. 5,350,299 entitled "Dental Treatment System" ("the '299
patent"); and (3) United States Letter Patent No. 5,525,058
entitled "Dental Treatment System" ("the '058 patent"). ADT
further alleges that Kreativ has (1) induced others to infringe
claims 10 and 19 of the `561 patent; (2) infringed claim 1 of the
`299 patent; and (3) infringed claims 1 through 4 of `058 patent.

On May 15, 1998, Kreativ filed the instant Motion for
Summary Judgment on the grounds that Kreativ's accused products
do not infringe upon ADT's `058 patent. On June 12, 1998, ADT
filed a Response in opposition to the Motion. On June 19, 1998,
Kreativ filed a Reply to ADT's Response. The Court now considers
the Motion.

## III. DISCUSSION

### A.   Standard of Review

Summary judgment is proper if "the pleadings, depositions,
answers to interrogatories, and admissions on file, together with
the affidavits, if any, show that there is no genuine issue as to
any material fact and that the moving party is entitled to a
judgment as a matter of law." Fed.R.Civ.P. 56(c); Petrolite
Corp. v. Baker Hughes, Inc., 96 F.3d 1423, 1425 (Fed. Cir. 1996).
A dispute about a material fact is genuine "if the evidence is
such that a reasonable jury could return a verdict for the

2

nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
248, 106 S. Ct. 2505, 2510 (1986); Avia Group Int'l v. L.A. Gear
Cal., Inc., 853 F.2d 1557, 1560 (Fed. Cir. 1988).

The "party seeking summary judgment always bears the initial
responsibility of informing the district court of the basis for
its motion, and identifying those portions of 'the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any,' which it believes
demonstrate the absence of a genuine issue of material fact."
Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548,
2553 (1986).

If the nonmovant bears the burden of proof, the moving party
may discharge its burden by showing that there is an absence of
evidence to support the nonmovant's case.  Celotex Corp., 477
U.S. at 325, 106 S. Ct. at 2553; Johnston v. IVAC Corp., 885 F.2d
1574, 1577 (Fed. Cir. 1989).  If the movant bears the burden of
proof on a claim or defense on which it is moving for summary
judgment, the movant must come forward with evidence that
establishes "beyond peradventure all the essential elements of
the claim or defense to warrant judgment in [its] favor."
Fontenot v. UpJohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986)
(emphasis original).  Once the moving party has carried its
burden, the nonmovant "must set forth specific facts showing that
there is a genuine issue for trial."  Fed.R.Civ.P. 56(e).

Summary judgment evidence is subject to the same rules that
govern admissibility of evidence at trial.  Resolution Trust

3

Corp. v. Starkey, 41 F.3d 1018, 1024 (5th Cir. 1995) (citing
Munoz v. International Alliance of Theatrical Stage Employees,
563 F.2d 205, 207 n. 1 (5th Cir. 1977)).  In considering a motion
for summary judgment, the court cannot make credibility
determinations, weigh the evidence, or draw inferences for the
movant.  Anderson, 477 U.S. at 255, 106 S. Ct. at 2513.  However,
the court must draw all justifiable inferences from the summary
judgment evidence in the light most favorable to the nonmovant.
Id. at 255, 106 S. Ct. at 2513; Pasant v. Jackson Nat'l Life Ins.
Co., 52 F.3d 94, 96 (5th Cir. 1995).

　　　Thus, the motion of an accused infringer for judgment on the
ground of non-infringement of a patent may be granted where the
patentee's proof is deficient in meeting an essential part of the
legal standard for infringement.  Johnston, 885 F.2d at 1577.

**B.　Patent Infringement**

　　　One who makes, uses or sells another's patented invention
within the United States is liable for infringement.  35 U.S.C.
§§ 154, 271(a); Buehler AG v. Ocrim S.p.A., 836 F. Supp. 1305,
1319 (N.D. Tex. 1993), aff'd, 34 F.3d 1080 (Fed. Cir. 1994).
Patent infringement actions require a two-step analysis: (1) the
patent claims must be properly construed to determine their scope
and meaning, and (2) the patent claims as properly construed must
be compared to the accused device or process.  Carroll Touch,
Inc. v. Electro Mechanical Systems, Inc., 15 F.3d 1573, 1576
(Fed. Cir. 1993).

　　　In part (f) of Claim 1, the `058 patent claims a pressure

4

control means comprised of

> a servo valve having a fluid inlet, a fluid outlet,
> electrically controllable valve means positioned
> between said fluid inlet and said fluid outlet, and an
> electrical control terminal, said valve means being
> responsive to changes in the level of an electrical
> command signal at said electrical control terminal for
> adjusting said valve means to any selected one of a
> plurality of selected conditions, to set said pressure
> of said fluid supplied to said abrasive-mixing means to
> any of a corresponding plurality of selected pressure
> values.

(U.S. Patent No. 5,525,058 at Column 20, Debruine Decl. Ex. 2.)
In the instant Motion, Kreativ asserts that it does not infringe
the `058 patent because its accused devices do not have servo
valves.

### 1.   Claim Interpretation

Patent claim interpretation is a matter of law for the
judge, not the jury, to determine. Markman v. Westview
Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995) (en banc), aff'd,
-- U.S. --, 116 S.Ct. 1384 (1996). Thus, "[a] patent covers the
invention or inventions which the court, in construing its
provisions, decides that it describes and claims." Markman, 52
F.3d at 979 (quoting 3 William C. Robinson, The Law of Patents
for Useful Inventions § 1019, at 247 (1890)).

To ascertain the meaning of claims, the Court considers

5

three sources: the claims, the specification, and the prosecution
history.  <u>Unique Concepts, Inc. v. Brown</u>, 939 F.2d 1558, 1561
(Fed. Cir. 1991).  Expert testimony, including evidence of how
those skilled in the art would interpret the claims, may also be
used.  <u>Fonar Corp. v. Johnson & Johnson</u>, 821 F.2d 627, 631 (Fed.
Cir. 1987).

Claims must be read in view of the specification, of which
they are a part.  <u>Markman</u>, 52 F.3d at 979.  The specification
contains a written description of the invention that must enable
one of ordinary skill in the art to make and use the invention.
35 U.S.C. § 112.  For claim construction purposes, the
description may act as a sort of dictionary, which explains the
invention and may define terms used in the claims.  <u>Markman</u>, 52
F.3d at 979.  A patentee is free to be his or her own wordsmith,
however, any special definition given to a word must be clearly
defined in the specification.  <u>Intellicall, Inc. v. Phonometrics,
Inc.</u>, 952 F.2d 1384, 1388 (Fed. Cir. 1992).

To construe claim language, the court should also consider
the patent's prosecution history.  <u>Markman</u>, 52 F.3d at 980
(citing <u>Graham v. John Deere Co.</u>, 383 U.S. 1, 33, 86 S. Ct. 684,
701 (1966)).  This "undisputed public record" of proceedings in
the Patent and Trademark Office is of primary significance in
understanding the claims.  <u>Id.</u>  Although the prosecution history
can and should be used to understand the language used in the
claims, it cannot "enlarge, diminish, or vary" the limitations in
the claims.  <u>Goodyear Dental Vulcanite Co. v. Davis</u>, 102 U.S.

222, 227 (1880); <u>Intervet Am., Inc. v. Kee-Vet Labs., Inc.</u>, 887 F.2d 1050, 1054 (Fed. Cir. 1989).

Extrinsic evidence consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises; this evidence may be helpful to explain scientific principles, the meaning of technical terms, and terms of art that appear in the patent and prosecution history. <u>Markman</u>, 52 F.3d at 980. Extrinsic evidence is useful "to show what was then old, to distinguish what was new, and to aid the court in the construction of the patent." <u>Id.</u> (quoting <u>Brown v. Piper</u>, 91 U.S. 37, 41 (1875)). However, the trial court has discretion to decide whether expert assistance is necessary to understand a patent. <u>Seattle Box Co. v. Industrial Crating & Packing, Inc.</u>, 731 F.2d 818, 826 (Fed. Cir. 1984). Further, a district court's claim construction, enlightened by such extrinsic evidence as may be helpful, still must be based upon the patent and prosecution history. <u>Markman</u>, 52 F.3d at 981. Extrinsic evidence is to be used for the court's understanding of the patent, not for the purpose of varying or contradicting the terms of the claims. <u>U.S. Indus. Chems., Inc. v. Carbide & Carbion Chems. Corp.</u>, 315 U.S. 668, 678, 62 S. Ct. 839, 844 (1942); <u>Markman</u>, 52 F.3d at 981.

Claim 1 defines a servo valve as a "valve ...responsive to changes in the level of an electrical command signal ... to set [the] pressure..." (U.S. Patent No. 5,525,058 at Column 20, Debruine Decl. Ex. 2.) In the detailed description, the `058

patent states that the preferred embodiment of the servo valve be
a

> valving arrangement which can be set by a command
> voltage to a variety of states in which it produces
> different pressures in its output flow of fluid.  The
> valve also includes a sensor which senses the valve
> output pressures to produce an internal feedback
> voltage indicative of output pressure, compares the
> feedback voltage with the command voltage to produce an
> error signal, and moves the valving mechanism in the
> direction to reduce this error to substantially zero,
> thus assuring that the commanded output pressure is
> produced.

(U.S. Patent 5,525,058 at Column 18, Debruine Decl. Ex. 2.)

Based on the language of the patent itself and having
examined the prosecution history and the extrinsic evidence of
record, the Court concludes that the term "servo valve" as
contained in the `058 patent means a valving mechanism that
controls output (i.e. pressure) in response to an electrical
command signal.

### 2.   Comparison to Accused Devices

Once the claim has been construed by the court, the patent
claims as properly construed must be compared to the accused
device or process.    Markman, 52 F.3d at 976; Carroll Touch, 15
F.3 at 1576.  A patent claim covers the accused device if the
accused device embodies every limitation of the claim, either

literally or by an equivalent. <u>Read Corp. v. Protec, Inc.</u>, 970 F.2d 816, 822 (Fed. Cir. 1992). This second step of the inquiry, comparing the properly construed claim with the accused product, is a question of fact. <u>See CVI/Beta Ventures, Inc., v. Tura LP</u>, 112 F.3d 1146, 1152 (Fed. Cir. 1997).

Kreativ asserts that its accused devices cannot, as a matter of law, infringe upon the `058 patent since its devices do not contain servo valves, and submits the Declaration of Joe Forehand in support of its assertion. (<u>See</u> Forehand Decl. ¶ 8.) ADT asserts that the accused devices do contain servo valves, and submits the Declaration of Eddie Harmon in support of its assertion. (<u>See</u> Harmon Decl. ¶¶ 4-8.) Accordingly, the Court finds that a genuine issue of material fact exists as to whether the Mach 5.0 and the Mach 5.0 Plus read on the `058 patent.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Kreativ's Motion for Summary Judgment of Non-infringement as to the `058 patent.

ENTERED on this the ___6th___ day of ___July___, 1998.

_____
JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

9