United States District Court
Southern District of Texas
ENTERED

JUL 28 1998

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| AMERICAN DENTAL TECHNOLOGIES, INC. § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> KREATIV, INC. § <br> Defendant. § | CIVIL ACTION NO. C-97-374 <br> #132 |

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF PATENT 5,275,561

On this day came on to be considered Defendant Kreativ, Inc.'s ("Kreativ") Motion for Summary Judgment of Noninfringement and Invalidity of U.S. Patent 5,275,561 against Plaintiff American Dental Technologies, Inc. ("ADT"). For the reasons stated herein, the Court DENIES the Motion.

### I. JURISDICTION

This action was filed in federal court based on assertions of patent violations and unfair competition which arise under the laws of the United States and over which this district court has original jurisdiction pursuant to 28 U.S.C. § 1338.

### II. FACTS AND PROCEEDINGS

Both ADT and Kreativ manufacture and sell dental devices, and more specifically both manufacture and sell air abrasive systems which are used in the practice of dentistry for cutting, excavating, abrading, and etching teeth or associated tooth structures by means of finely divided abrasive materials carried in a gas or fluid stream.

On July 7, 1997, ADT filed the present action alleging that Kreativ infringed and induced others to infringe ADT's patented devices. Specifically, ADT alleges that it is the owner of the

entire right and title to (1) United States Letter Patent No. 5,275,561 entitled "Method for Preparing Tooth Structure for Bonding" (" the '561 patent"); (2) United States Letter Patent No. 5,350,299 entitled "Dental Treatment System" ("the '299 patent"); and (3) United States Letter Patent No. 5,525,058 entitled "Dental Treatment System" ("the '058 patent"). ADT further alleges that Kreativ has (1) induced others to infringe claims 10 and 19 of the `561 patent; (2) infringed claim 1 of the `299 patent; and (3) infringed claims 1 through 4 of `058 patent.

On May 15, 1998, Kreativ filed the instant Motion for Summary Judgment on the grounds that Kreativ's accused products do not infringe upon ADT's `561 patent and that claim 19 of the `561 patent is invalid for indefiniteness. On June 12, 1998, ADT filed a Response in opposition to the Motion. On June 19, 1998, Kreativ filed a Reply to ADT's Response. The Court now considers the Motion.

## III. DISCUSSION

### A. Standard of Review

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Petrolite Corp. v. Baker Hughes, Inc., 96 F.3d 1423, 1425 (Fed. Cir. 1996). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

2

248, 106 S. Ct. 2505, 2510 (1986); <u>Avia Group Int'l v. L.A. Gear Cal., Inc.</u>, 853 F.2d 1557, 1560 (Fed. Cir. 1988).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

If the nonmovant bears the burden of proof, the moving party may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. <u>Celotex Corp.</u>, 477 U.S. at 325, 106 S. Ct. at 2553; <u>Johnston v. IVAC Corp.</u>, 885 F.2d 1574, 1577 (Fed. Cir. 1989). If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, the movant must come forward with evidence that establishes "beyond peradventure <u>all</u> the essential elements of the claim or defense to warrant judgment in [its] favor." <u>Fontenot v. UpJohn Co.</u>, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis original). Once the moving party has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

Summary judgment evidence is subject to the same rules that govern admissibility of evidence at trial. <u>Resolution Trust Corp. v. Starkey</u>, 41 F.3d 1018, 1024 (5th Cir. 1995) (citing <u>Munoz v. International Alliance of Theatrical Stage Employees</u>,

3

563 F.2d 205, 207 n. 1 (5th Cir. 1977)). In considering a motion for summary judgment, the court cannot make credibility determinations, weigh the evidence, or draw inferences for the movant. <u>Anderson</u>, 477 U.S. at 255, 106 S. Ct. at 2513. However, the court must draw all justifiable inferences from the summary judgment evidence in the light most favorable to the nonmovant. <u>Id.</u> at 255, 106 S. Ct. at 2513; <u>Pasant v. Jackson Nat'l Life Ins. Co.</u>, 52 F.3d 94, 96 (5th Cir. 1995).

Thus, the motion of an accused infringer for judgment on the ground of non-infringement of a patent may be granted where the patentee's proof is deficient in meeting an essential part of the legal standard for infringement. <u>Johnston</u>, 885 F.2d at 1577.

**B.  Inducement of Infringement**

Whoever actively induces infringement of a patent shall be liable as an infringer. 35 U.S.C. § 271(b). An inducement of infringement requires proof of two elements: (1) an act by the defendant knowingly intended to induce another to infringe; and (2) the actual infringement by the third party. <u>Young Dental Mfg. Co. v. Q3 Special Products, Inc.</u>, 891 F. Supp. 1345, 1348 (E.D. Mo. 1995); <u>H.B. Fuller Co. v. National Starch and Chemical Corp.</u>, 689 F. Supp. 923, 943 (D. Minn. 1993). Thus, there is no liability for inducement of infringement unless an actual infringement in violation of § 271(a) also occurs. <u>Zenith Labs. v. Bristol-Myers Squibb Co.</u>, 19 F.3d 1418, 1423 n.5 (Fed. Cir. 1994). Patent infringement actions require a two-step analysis: (1) the patent claims must be properly construed to determine their scope and meaning, and (2) the patent claims as properly

4

construed must be compared to the accused device or process. <u>Carroll Touch, Inc. v. Electro Mechanical Systems, Inc.</u>, 15 F.3d 1573, 1576 (Fed. Cir. 1993).

The `561 patent claims:

10. A method for restoration of tooth structure using a composite comprising the steps of:

creating a fluid stream laden with abrasive material, directing said fluid stream towards the tooth structure for a time sufficient so that the abrasive material laden fluid streams impinges upon the tooth structure and roughens the tooth structure,

thereafter applying a bonding material on the tooth structure that has been roughened,

thereafter applying composite to the bonding material, and

curing the bonding material. ...

19. A method for restoration of tooth structure using a composite comprising the steps of:

creating a fluid stream laden with abrasive material directing said fluid stream towards the tooth structure for a time sufficient so that the abrasive material laden fluid stream impinges upon the tooth structure and roughens the tooth structure,

thereafter applying a bonding material on the tooth structure that has been roughened,

thereafter applying composite to the bonding material, and

curing the bonding material, wherein said tooth structure includes exposed tubules and further comprising the step of maintaining impingement of the abrasive material laden fluid stream on the tooth structure for a time sufficient to close said tubules.

(U.S. Patent No. 5,275,561 at Columns 6-7, Debruine Decl. Ex. 3.)

Here, Kreativ moves for summary judgment asserting that its

5

accused devices do not directly infringe claim 10 nor claim 19 of ADT's `561 patent. However, in this action, ADT does not accuse Kreativ of direct infringement, but rather alleges that Kreativ has induced others to infringe upon claims 10 and 19 of the `561 patent; that is, ADT claims that Kreativ's marketing material used in connection with the sale of the accused Kreativ devices induces purchasing dentists to use the devices in a manner which infringes the `561 patent. Accordingly, Kreativ's Motion for Summary Judgment of Noninfringement with respect to the `561 patent is not well taken. Further, the Court FINDS that genuine issues of material fact remain regarding ADT's claims of inducement to infringe the `561 patent sufficient to carry those claims to trial.

## C.  Patent Invalidity

Patents carry a presumption of validity. 35 U.S.C. § 282. The burden is on the defendants to prove invalidity by clear and convincing evidence. <u>American Hoist and Derrick Co. v. Sowa & Sons, Inc.</u>, 725 F.2d 1350, 1358-59 (Fed. Cir. 1984).

Paragraph 2 of § 112 requires a specification to "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his [or her] invention." 35 U.S.C. § 112, ¶ 2. Determining whether a claim is indefinite requires an analysis of "whether one skilled in the art would understand the bounds of the claim when read in light of the specification.... If the claims read in light of the specification reasonable apprise those skilled in the art of the scope of the invention, [section] 112 demands no

6

ClibPDF - www.fastio.com

more." <u>Miles Lab., Inc. v. Shandon Inc.</u>, 997 F.2d 870, 875 (Fed. Cir. 1993), <u>cert. denied</u>, 510 U.S. 1100, 114 S. Ct. 943 (1994).

The limitation "for a time sufficient to close said tubules" does not render claim 19 indefinite in light of the `561 specification. One of ordinary skill in the art reading the claim would understand the nature of the language "to close said tubules." (<u>See</u> Myers Decl.) Such comprehension is all that is required by § 112, ¶ 2. <u>See</u> <u>Credle v. Bond</u>, 25 F.3d 1566, 1576 (Fed. Cir. 1994). Viewing the summary judgment evidence in a light most favorable to the non-movant, the Court FINDS that Kreativ has not established by clear and convincing evidence that claim 19 of the `561 patent is invalid.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Kreativ's Motion for Summary Judgment of Non-infringement as to claims 10 and 19 of the `561 patent and further DENIES Kreativ's Motion for Summary Judgment of Invalidity as to claim 19 of the `561 patent. ENTERED on this the 27th day of July, 1998.

_____
JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

7